## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

STEFAN MICHALOPOULOS,      )
                                  )
       Plaintiff,             )
                                  )
       v.                    )      Civil Action No. 2025-0017
                                  )
UNITED STATES OF AMERICA,   )
                                  )
       Defendant.           )
_____)

**Stefan Michalopoulos**
*Pro Se*

## <u>MEMORANDUM OPINION</u>

**Lewis, Senior District Judge**

THIS MATTER comes before the Court on Magistrate Judge Emile A. Henderson III's Report and Recommendation ("R&R") (Dkt. No. 20), in which the Magistrate Judge recommends that the Court deny Plaintiff Stefan Michalolpoulos's ("Plaintiff") "Ex-Parte Notice of Motion; Restraining Order; Preliminary Injunction; Early Discovery/Disclosure" ("Motion") (Dkt. No. 2). For the reasons that follow, the Court will dismiss this action for lack of subject matter jurisdiction, and under the first-filed rule.

## I.    BACKGROUND

The background of this matter is detailed in the R&R, and incorporated herein by reference. (Dkt. No. 20 at 2-8). In short, Plaintiff filed a 134-page handwritten Complaint (Dkt. No. 1) on March 25, 2025 alleging that "the FBI has been subjecting him to warrantless mind-reading and chemical torture since 2003." *Id.* at 2. Plaintiff seeks damages in the amount of $250 billion. *Id.* Plaintiff then filed the instant 22-page handwritten Motion seeking relief in the form of a Temporary Restraining Order ("TRO"), a Preliminary Injunction, and Early Discovery. (Dkt. No.

2).  In the Motion, Plaintiff alleges that he is being "tortured and punished by the FBI despite having committed no crimes and despite being subject to no pending charges" and that "the FBI has 'an obvious hatred for him' because of his preexisting disabilities and because of lawsuits he has filed against them."  (Dkt. No. 20 at 1).

The R&R notes that the legal standard for granting a TRO or a preliminary injunction under Federal Rule of Civil Procedure 65 is the same.  *Id.* at 8.  To obtain such injunctive relief, the moving party must show: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that public interest favors such relief."  *Id.*  The first and second factors are "gateway factors" that must be established before the Court considers the "the balance of all four factors," and, therefore, if either the first or second factors are not met, the Court need not consider the remaining factors.  *Id.* at 8-9.

Regarding the likelihood of success on the merits factor, the R&R states that at least three reasons counsel in favor of dismissal of Plaintiff's Complaint.  *Id.* at 9.  First, "the 'first-filed' rule . . . generally requires the dismissal of cases that are filed second-in-time to similar cases filed concurrently in other federal courts."  *Id.* at 9.  Plaintiff admits that "[t]his lawsuit is the same case as 1:24-cv-001169" filed five months prior to the instant case in the Eastern District of California. (Dkt. No. 1 at 1).  Second, federal courts lack subject matter jurisdiction over claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit."  (Dkt. No. 20 at 11-12).  Finally, under 28 U.S.C. § 1915(e)(2)(B), pursuant to which Plaintiff's motion to proceed *in forma pauperis* would be reviewed, "federal courts routinely dismiss allegations [as here] that the . . . FBI . . . [is] targeting individual citizens with the intention to track, surveil, monitor, attack, or torture these individuals with directed energy weapons, microwave radiation, satellite technology,

and the like as factually frivolous[.]" *Id.* at 12-13.[1]  The Magistrate Judge concludes that with "[t]he first gateway factor unmet, the Court need not consider the rest of the TRO factors." *Id.* at 13.[2]  For the same reasons, the Magistrate Judge concludes that Plaintiff's request for preliminary injunctive relief fails. *Id.*[3]

The R&R also recommends denying Plaintiff's request for early discovery for two reasons. *Id.* at 16-18.  First, Plaintiff has not shown good cause or reasonableness in light of the "identical" case pending in California where discovery should be available. *Id.* at 17.  Second, requests for expedited discovery are routinely denied where—as here—the requests accompany bids for preliminary injunctive relief that fail to meet the gateway factors. *Id.* at 17-18.

Plaintiff filed "Objections to R&R Report & Recommendation" ("Objections") (Dkt. No. 23).  The twenty-four handwritten pages:

(1)  reallege the facts in the Complaint, including that Plaintiff is "being murdered, not just [t]ortured," *id.* at 2, 9;

(2)  allege new facts, including that "FBI Director [Christopher Wray] acknowledged [t]orture paperwork and made money offer" and that Plaintiff was "100% granted [] permission to file suit . . . by the FBI Los Angeles Legal Unit," *id.* at 3, 5;

(3)  argue that Plaintiff served proper notice upon the United States through Plaintiff's action to serve the Virgin Islands Attorney General Gordon Rhea, *id.* at 3-4, 5, 6, 8, 14-15;

(4)  claim that Plaintiff has a high likelihood of success in this case, including specifically a "100% likelihood of success," *id.* at 4, 8, 13;

---

[1] The Court observes that a Report and Recommendation regarding an *in forma pauperis* review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) has not yet been issued and that the conclusion in this R&R represents only the likelihood of success of Plaintiff's claims.

[2] However, the R&R also states that "'[i]rreparable harm is potential harm that cannot be redressed by a legal or an equitable remedy following a trial'" and must consist of "a presently existing actual threat" rather than "speculative" "threatened harm." (Dkt. No. 20 at 13-14).  The R&R concludes that irreparable harm could not be found here on such "highly speculative" and "unsubstantiated accusations." *Id.* at 14.

[3] The R&R additionally notes that Plaintiff's Motion is "procedurally defective" under Rule 65(b) due to the failure to serve, and thus give adequate notice to, the United States. *Id.* at 15.

(5) claim that the Court has subject matter jurisdiction over Plaintiff's case, *id.* at 4, 9, 24;

(6) claim that the Magistrate Judge—through the issuance of the R&R—is "lying" about Plaintiff, including in "a demeaning fashion," *id.* at 4, 5, 6, 7, 10, 11, 12, 13, 14;

(7) claim that the "First Filed" rule does not apply due to differing time periods of torture alleged in Plaintiff's two "completely separate cases," *id.* at 8, 20, although Plaintiff claims elsewhere in the same Objections that his two cases are the "same case," *id.* at 2-3;

(8) appear to request transfer of Plaintiff's California case to the District Court of the Virgin Islands "to save judicial proceedings," *id.* at 20;

(9) claim that it is "ABSOLUTELY IMPOSSIBLE TO DISMISS A TORUTRE COMPLAINT," *id.* at 8-9;

(10) claim that Plaintiff doesn't "need to nor [is] require[d] [to] present any evidence when making a Formal Torture Complaint as per the Convention Against Torture," *id.* at 12; and

(11) dispute that Plaintiff is not facing a "presently existing actual [t]hreat," *id.* at 13.

Following the issuance of the R&R on April 23, 2025, Plaintiff has made several additional filings. On Apri 23, 2025, Plaintiff filed a 68-page handwritten motion titled "Timing is of the Essence; Status Conference; Restraining Order Hearing" (Dkt. No. 21). On May 19, 2025, Plaintiff filed a 50-page handwritten motion titled "Criminally Charging FBI Agents; Immediate Serious Mandatory Hearing" (Dkt. No. 27). On May 28, 2025, Plaintiff filed a 78-page handwritten motion titled "Motion for Default Judgement Under Fed. R. Civ. P. 55(b)" (Dkt. No. 30). On June 17, 2025, Plaintiff filed a 16-page handwritten motion titled "Appellant's Unopposed Motion. Emergency Motion Pursuant LAR 27.7. Petition for Writ of Mandamus" (Dkt. No. 37) and a 1-page handwritten motion titled "Leave to Proceed in Forma Pauperis" (Dkt. No. 38). Finally, on July 11, 2025, Plaintiff filed a 5-page handwritten motion titled "Motion for Status Conference" (Dkt. No. 39).

## II.    APPLICABLE LEGAL PRINCIPLES

### A.    Standard of Review

A party may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). The objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis of such objection." LRCi 72.3.

When reviewing a report and recommendation, a district judge must review *de novo* "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The Supreme Court has instructed that, although 28 U.S.C. § 636 does not require the judge to conduct a *de novo* review if no objections are filed, the statute "does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985). Accordingly, the Third Circuit has held that, even in the absence of objections to a report and recommendation, a district court should "afford some level of review to dispositive legal issues raised by the report." *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)); *see also Ellenburg v. Virgin Islands*, 2024 WL 4366906 at *1 (D.V.I. Sept. 30, 2024) (citing *Banco Popular de Puerto Rico v. Gilbert*, 424 F. App'x 151, 153 (3d Cir. 2011) ("Even if neither party objects to the magistrate's

recommendation, the district court is not bound by the recommendation of the magistrate." (internal quotation omitted)).  The Third Circuit has described this level of review as "reasoned consideration."  *Equal Emp. Opportunity Comm'n*, 866 F.3d at 100.

The Advisory Committee Notes to the 1983 Amendments to Rule 72(b) of the Federal Rules of Civil Procedure state:  "[W]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Some district courts have also adopted a "clear error" or "manifest injustice" standard for the review of those portions of a report and recommendation that are not contested.  *Massie v. Finley*, 2021 WL 11108887 at *1 (M.D. Pa. June 2, 2021) (quoting 1983 Advisory Committee Notes that the court is only required to "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation"); *Cruz v. Chater*, 990 F.Supp. 375, 377 (M.D. Pa. 1998) (noting that court's review is limited to ascertaining whether there is "clear error on the face of the record"); *see also Pratt v. Marsh*, 2021 WL 2188576 at *8 (E.D. Pa. May 28, 2021), *aff'd sub nom. Pratt v. Superintendent Benner Twp. SCI*, 2023 WL 5607516 (3d Cir. Aug. 30, 2023) (citations omitted) ("Uncontested portions of a report and recommendation, as well as portions to which untimely or general objections are made . . . at the very least . . . should be reviewed for clear error or manifest injustice.").  Clear error occurs "when reviewing the entire record, the court is left with the definite and firm conviction that a mistake has been committed."  *United States v. Griffith*, 2024 WL 5053426 at * 3 (3d Cir. Dec. 10, 2024) (citing *United States v. Caraballo*, 88 F.4th 239, 244 (3d Cir. 2023)).  In passing, a panel of the Third Circuit has appeared to accept this clear error or manifest injustice standard.  *See Seamon v. Shapiro*, 2025 WL 88837 at *2 (3d Cir. Jan. 14, 2025) ("The District Judge appropriately conducted a narrow review of the Magistrate

Judge's report and recommendation for clear error or manifest injustice, because [Plaintiff] did not file objections to the report.").

### B.    Subject Matter Jurisdiction

It is axiomatic that federal courts are courts of limited jurisdiction, and that subject matter jurisdiction must exist in each case.  *See Temple Univ. Hosp., Inc. v. Sec'y United States Dep't of Health & Hum. Servs.*, 2 F.4th 121, 130 (3d Cir. 2021) ("Federal courts are courts of limited jurisdiction, and without subject-matter jurisdiction, they lack authority to address the merits of a case.").  When there is a question about the Court's authority to hear a dispute, "it is incumbent upon the court[] to resolve such doubts, one way or the other, before proceeding to a disposition on the merits."  *Est. of Tomei by Flandreau v. H&H Mfg. Co.*, 799 F. App'x 143, 143 (3d Cir. 2020).  "[A] federal court always has jurisdiction to determine its jurisdiction, even if a defect exists that would otherwise strip any federal court of subject-matter jurisdiction over a case."  *Id.* (quotations omitted).

A court "must dismiss" any action over which it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  "The Court has an independent and ongoing obligation to ensure that it has subject matter jurisdiction over an action, and to raise the issue *sua sponte* even when the parties fail to raise it."  *Buell v. Jarvis*, 2025 WL 857311 at *2 (D.V.I. Mar. 19, 2025) (citing *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003)).  However, "[t]he burden of establishing federal jurisdiction rests with the party asserting its existence."  *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015); *see also Will v. Agency*, 2022 WL 17252200 at *4 (E.D. Pa. Nov. 28, 2022) (requiring "the plaintiff [to] bear[] the burden of establishing federal jurisdiction" even when the court raises a jurisdictional issue *sua sponte*).  Finally, a "court may not consider a motion for a TRO or preliminary injunction without first being satisfied that it has subject matter

jurisdiction." *Dudley Assocs., Ltd. v. Vanguard Grp.*, 1996 WL 509847 at *3 (E.D. Pa. Sept. 9, 1996); *see also Buell*, 2025 WL 857311 at *2 (denying motion for TRO as moot because the court lacked subject matter jurisdiction over the case).

### C.    The First-Filed Rule

The "first-filed rule" permits a court "to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court," thereby "encourag[ing] sound judicial administration and promot[ing] comity among federal courts of equal rank." *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 972-73 (3d Cir. 1988) (noting that "[i]t is of obvious importance to all the litigants to have a single determination of their controversy, rather than several decisions which if they conflict may require separate appeals to different circuit courts of appeals."). Although the first-filed rule is appropriately applied when two pending cases concern the same issue, and the parties are the same, *Muhammad v. State Farm Indemnity Co.*, 719 F.Supp.3d 397, 402 (D.N.J. 2024), it has been held that application of the rule "is not cabined to proceedings involving identical parties and identical issues, but extends to cases where there is a substantial overlap of the subject matter." *Synthes, Inc. v. Knapp*, 978 F.Supp.2d 450, 457 (E.D. Pa. 2013) (applying the first-filed rule where case filed second-in-time included a party that was not in the original action).

### III.    DISCUSSION

Because a "court may not consider a motion for a TRO or preliminary injunction without first being satisfied that it has subject matter jurisdiction," this Court must evaluate subject matter jurisdiction before it evaluates the merits of the case. *Dudley Assocs., Ltd.*, 1996 WL 509847 at *3. Because the Court's Referral Order (Dkt. No. 13) referred only Defendant's Motion seeking a TRO and a Preliminary Injunction, the R&R properly made no conclusive finding regarding

subject matter jurisdiction. (Dkt. No. 20 at n.5). However, the Magistrate Judge observed that the "types of unsubstantiated allegations [as those in Plaintiff's Complaint] are consistently considered so 'implausible' that they cannot confer jurisdiction on federal courts" and therefore "it is unlikely that the Court is empowered with jurisdiction to reach the merits of [Plaintiff's] claims." *Id.* at 12.

Courts may dismiss claims for lack of jurisdiction where "the claim is 'wholly insubstantial and frivolous.'" *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895 (3d Cir. 1987) (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)). A sister court in the Third Circuit has summarized the issue thusly:

> The presumption [] is that the dismissal of even a very weak case should be on the merits rather than because it was too weak even to engage federal jurisdiction. The animating theme appears to be this: "[d]istinguishing between 'essentially fictitious' claims . . . that do not invoke federal jurisdiction and those in which a fairly debatable claim fails on the merits is essential if the federal courts are to remain tribunals of limited jurisdiction." Claims grounded in "bizarre conspiracy theories, government manipulations of the mind, or supernatural intervention" have become prime candidates for jurisdictional dismissals.

*Mina v. Chester Cnty.*, 2015 WL 6550543 at *8 (E.D. Pa. Oct. 29, 2015), *aff'd*, 679 F. App'x 192 (3d Cir. 2017) (citations omitted). "Numerous federal courts have determined that claims like those asserted in this case, *i.e.* [the] government['s alleged] attempts at mind control, individuals being targeted with electronic weapons, remotely monitoring brains, covert electronic harassment, and electronic voice of God communications, are precisely the types of claims over which federal courts lack subject-matter jurisdiction." *Will v. Agency*, 2022 WL 17252200 at *4 (E.D. Pa. Nov. 28, 2022) (collecting cases). Simply stated, courts lack subject matter jurisdiction over a matter when a plaintiff's allegations "do not present any possible cognizable claims either directly or by implication" but are instead "paranoid conclusions unsupported by any factual statements." *Id.* at 5.

The facts alleged by Plaintiff in his Complaint and Motion are precisely such allegations that "do not present any possible cognizable claims either directly or by implication." *Will*, 2022

WL 17252200 at *4.  The R&R correctly notes that Plaintiff alleges "that the FBI has been subjecting him to warrantless mind-reading and chemical torture since 2003" and that "the Government began torturing him because of his preexisting physical and mental health issues, such as Tourette's Syndrome and coprolalia."  (Dkt. No 20 at 2).  The R&R further notes that Plaintiff claims "[t]his targeting has gotten worse since he attempted to get redress from these harms in federal court in California."  *Id.*  These are precisely the types of allegations that warrant dismissal for lack of subject matter jurisdiction.  *Will*, 2022 WL 17252200 at *4.

This case is also subject to dismissal under the first-filed rule.  As Plaintiff acknowledges, this is "the same case as 1:24-cv-001169" filed five months prior to the instant case in the Eastern District of California.  (Dkt. No. 1 at 1); *see also Muhammad*, 719 F.Supp.3d at 400 ("In all cases of concurrent jurisdiction, the Court which first has possession of the subject must decide it." (quoting *Smith v. McIver*, 22 U.S. 9 Wheat. 532, 535 (1824))).

In short, this Court finds that it does not have subject matter jurisdiction to adjudicate this matter and that the case is subject to dismissal under the first-filed rule.  Accordingly, because the Court does not find subject matter jurisdiction, the Court does not reach the merits of the case.  *See GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) ("It is fundamental that federal courts must have subject matter jurisdiction before reaching the merits of a case[.]"); *see also* Fed. R. Civ. P. 12(h)(3) (providing that a court must dismiss an action at any time when it determines that it lacks subject matter jurisdiction).

## IV.    CONCLUSION

Because the Court lacks subject matter jurisdiction over this matter, and the case is subject to dismissal under the first-filed rule, the case will be dismissed with prejudice.  An appropriate Order accompanies this Memorandum Opinion.

Date:   July 12, 2025

_____/s/_____
WILMA A. LEWIS
Senior District Judge